**No. 07-1624**

# In the
# United States Court of Appeals
## for the Seventh Circuit

JERRY N. JONES, et al.,

*Plaintiffs-Appellants,*

v.

HARRIS ASSOCIATES L.P.,

*Defendant-Appellee.*

———————————————————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division, No. 1:04-cv-08305.
The Honorable **Charles P. Kocoras**, Judge Presiding.

## PETITION FOR REHEARING *EN BANC*

MICHAEL J. BRICKMAN
JAMES C. BRADLEY
NINA FIELDS BRITT
RICHARDSON, PATRICK, WESTBROOK
  & BRICKMAN, LLC
1017 Chuck Dawley Boulevard
Mount Pleasant, South Carolina 29464
(843) 727-6500

JOHN M. GREABE
296 Gage Hill Road
Hopkinton, New Hampshire 03229
(603) 746-6138

ERNEST A. YOUNG
127 Turvey Court
Chapel Hill, North Carolina 27514
(919) 613-8506

KEVIN M. FLYNN
KEVIN M. FLYNN & ASSOCIATES
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601
(312) 456-0240

*Attorneys for Plaintiffs-Appellants*
*Jerry N. Jones, Mary F. Jones & Arline Winerman*

 

**CIRCUIT RULE 26.1   DISCLOSURE STATEMENT**

Appellate Court No: 07-1624

Short Caption: Jones v. Harris Associates L.P.

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

   [✓]    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH  INFORMATION IS NEW OR REVISED.**

(1)  The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):

   Jerry N. Jones, Mary F. Jones and Arline Winerman

(2)  The names of all law firms whose partners or associates have appeared for the party in the case (including  proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

   Richardson, Patrick, Westbrook & Brickman, LLC; Kevin M. Flynn & Associates; John M. Greabe, Esq.;

   Ernest A. Young, Esq.; Johnson, Pope, Bokor, Ruppel & Burns, LLP; Michael W. Coffield & Associates;

   Kellog, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.; The Popham Law Firm, PC; Timothy L. Sifers, Esq.

(3)  If the party or amicus is a corporation:

   i)  Identify all its parent corporations, if any; and

      N/A

   ii) list any publicly held company that owns 10% or more of the party's or amicus' stock:

      N/A

Attorney's Signature:  /s/  James C. Bradley          Date: August 14, 2015

Attorney's Printed Name:  James C. Bradley

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes**  ☒    **No** _____

Address:   1017 Chuck Dawley Blvd.

      Mount Pleasant, SC  29464

Phone Number: 843-727-6500          Fax Number:  843-881-6183

E-Mail Address:  jbradley@rpwb.com

rev. 01/08 AK

**CIRCUIT RULE 26.1   DISCLOSURE STATEMENT**

Appellate Court No: 07-1624

Short Caption: Jones v. Harris Associates L.P.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[ ]   **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)   The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):

Jerry N. Jones, Mary F. Jones and Arline Winerman

(2)   The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Richardson, Patrick, Westbrook & Brickman, LLC; Kevin M. Flynn & Associates; John M. Greabe, Esq.;

Ernest A. Young, Esq.; Johnson, Pope, Bokor, Ruppel & Burns, LLP; Michael W. Coffield & Associates;

Kellog, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.; The Popham Law Firm, PC; Timothy L. Sifers, Esq.

(3)   If the party or amicus is a corporation:

   i)   Identify all its parent corporations, if any; and

     N/A

   ii) list any publicly held company that owns 10% or more of the party's or amicus' stock:

     N/A

Attorney's Signature: /s/ Michael J. Brickman          Date: August 14, 2015

Attorney's Printed Name: Michael J. Brickman

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   **Yes** _____   **No** ✕

Address: 1017 Chuck Dawley Blvd.

Mount Pleasant, SC  29464

Phone Number: 843-727-6500          Fax Number: 843-881-6183

E-Mail Address: jbradley@rpwb.com

rev. 01/08 AK

**CIRCUIT RULE 26.1    DISCLOSURE STATEMENT**

Appellate Court No: 07-1624

Short Caption: Jones v. Harris Associates L.P.

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

    [✓]    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)  The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):

Jerry N. Jones, Mary F. Jones and Arline Winerman

(2)  The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Richardson, Patrick, Westbrook & Brickman, LLC; Kevin M. Flynn & Associates; John M. Greabe, Esq.;

Ernest A. Young, Esq.; Johnson, Pope, Bokor, Ruppel & Burns, LLP; Michael W. Coffield & Associates;

Kellog, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.; The Popham Law Firm, PC; Timothy L. Sifers, Esq.

(3)  If the party or amicus is a corporation:

i)  Identify all its parent corporations, if any; and

N/A

ii) list any publicly held company that owns 10% or more of the party's or amicus' stock:

N/A

Attorney's Signature: /s/ Nina Fields Britt    Date: August 14, 2015

Attorney's Printed Name: Nina Fields Britt (name change)

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).  Yes _____  No ☒

Address: 1017 Chuck Dawley Blvd.

Mount Pleasant, SC  29464

Phone Number: 843-727-6500    Fax Number: 843-881-6183

E-Mail Address: jbradley@rpwb.com

rev. 01/08 AK

**CIRCUIT RULE 26.1    DISCLOSURE STATEMENT**

Appellate Court No: <u>07-1624</u>

Short Caption: <u>Jones v. Harris Associates L.P.</u>

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

    **[   ]    PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)  The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):

    <u>Jerry N. Jones, Mary F. Jones and Arline Winerman</u>

(2)  The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    <u>Richardson, Patrick, Westbrook & Brickman, LLC; Kevin M. Flynn & Associates; John M. Greabe, Esq.;</u>

    <u>Ernest A. Young, Esq.; Johnson, Pope, Bokor, Ruppel & Burns, LLP; Michael W. Coffield & Associates;</u>

    <u>Kellog, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.; The Popham Law Firm, PC; Timothy L. Sifers, Esq.</u>

(3)  If the party or amicus is a corporation:

    i)  Identify all its parent corporations, if any; and

      <u>N/A</u>

    ii) list any publicly held company that owns 10% or more of the party's or amicus' stock:

      <u>N/A</u>

Attorney's Signature: <u>/s/ John M. Greabe</u>    Date: <u>August 10, 2015</u>

Attorney's Printed Name: <u>John M. Greabe</u>

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes _____   No ☒

Address: <u>296 Gage Hill Road</u>

       <u>Hopkinton, NH 03229</u>

Phone Number: <u>(603) 746-6138</u>    Fax Number: _____

E-Mail Address: <u>john@greabe-law.com; john.greabe@law.unh.edu</u>

rev. 01/08 AK

**CIRCUIT RULE 26.1   DISCLOSURE STATEMENT**

Appellate Court No: 07-1624

Short Caption: Jones v. Harris Associates L.P.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R.  App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[✓]    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH  INFORMATION IS NEW OR REVISED.**

(1)  The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):

Jerry N. Jones, Mary F. Jones and Arline Winerman

(2)  The names of all law firms whose partners or associates have appeared for the party in the case (including  proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Richardson, Patrick, Westbrook & Brickman, LLC; Kevin M. Flynn & Associates; John M. Greabe, Esq.;

Ernest A. Young, Esq.; Johnson, Pope, Bokor, Ruppel & Burns, LLP; Michael W. Coffield & Associates;

Kellog, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.; The Popham Law Firm, PC; Timothy L. Sifers, Esq.

(3)  If the party or amicus is a corporation:

i)  Identify all its parent corporations, if any; and

N/A

ii) list any publicly held company that owns 10% or more of the party's or amicus' stock:

N/A

Attorney's Signature:  s/  Ernest A. Young                           Date: 8/14/2015

Attorney's Printed Name:  Ernest A. Young

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes _____   No ☒

Address:  3208 Fox Terrace Dr., Apex NC, 27502  (new address)

Phone Number:  (919) 360-7718                    Fax Number: _____

E-Mail Address: young@law.duke.edu

rev. 01/08 AK

**CIRCUIT RULE 26.1   DISCLOSURE STATEMENT**

Appellate Court No: <u>07-1624</u>

Short Caption: <u>Jones, et al. v. Harris Associates L.P.</u>

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

     **[  ]    PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)  The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):

<u>Jerry N. Jones, Mary F. Jones and Arline Winerman</u>

(2)  The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

<u>Richardson, Patrick, Westbrook & Brickman, LLC; Kevin M. Flynn & Associates; John M. Greabe, Esq.;</u>

<u>Ernest A. Young, Esq.; Johnson, Pope, Bokor, Ruppel & Burns, LLP; Michael W. Coffield & Associates;</u>

<u>Kellog, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.; The Popham Law Firm, PC; Timothy L. Sifers, Esq.</u>

(3)  If the party or amicus is a corporation:

    i)  Identify all its parent corporations, if any; and

    <u>N/A</u>

    ii) list any publicly held company that owns 10% or more of the party's or amicus' stock:

    <u>N/A</u>

Attorney's Signature: <u>s/ Kevin M. Flynn</u>    Date: <u>8/10/15</u>

Attorney's Printed Name: <u>Kevin M. Flynn</u>

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes _____   No ☒

Address: <u>77 West Wacker Drive, Suite 4800, Chicago, IL 60601</u>

Phone Number: <u>312-456-0240</u>    Fax Number: <u>312-444-1000</u>

E-Mail Address: <u>kevin@kmflynnlaw.com</u>

rev. 01/08 AK

# TABLE OF CONTENTS

**Page**

AMENDED DISCLOSURE STATEMENTS ................................................................. i

TABLE OF CONTENTS ........................................................................................ vii

TABLE OF AUTHORITIES ................................................................................... viii

REASONS FOR REHEARING ................................................................................. 1

CASE OVERVIEW ............................................................................................... 2

ARGUMENTS ...................................................................................................... 7

I.    The panel's reliance on fees charged by other funds conflicts with the Supreme Court's decision in *Jones* and with *Gartenberg* ................................ 7

II.    The panel's categorical dismissal of evidence of fees charged to non-captive funds conflicts with the Supreme Court's decision in *Jones* ........................... 9

III.    The panel ignored the Supreme Court's instruction by not considering structural defects as relevant to plaintiffs' excessive-fee claim ...................... 12

IV.    The panel's ruling on remand cannot be sustained on the ground that the District Court initially applied the proper standard ..................................... 12

CONCLUSION .................................................................................................... 14

CERTIFICATE OF COMPLIANCE ......................................................................... 16

PROOF OF SERVICE ........................................................................................... 17

# TABLE OF AUTHORITIES

**Page**

*Daily Income Fund v. Fox,*
464 U.S. 523 (1984) .......................................................................................................10

*Gartenberg v. Merrill Lynch Asset Management, Inc.,*
694 F.2d 923 (2d Cir. 1982) ................................................................................. 1, 3, 9, 10

*Jones v. Harris Associates L.P.,*
559 U.S. 335 (2010) ......................................................1, 2, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14

*Jones v. Harris Associates L.P.,*
527 F.3d 627 (7th Cir. 2008) ...............................................................................1, 3, 4, 7

*Jones v. Harris Associates L.P.,*
537 F.3d 728 (7th Cir. Aug. 8, 2008) (Denial of Rehearing En Banc) ...................4, 6, 8, 10

*Jones v. Harris Associates L.P.,*
No. 04 C 8305, 2007 WL 627640 (N.D. Ill. 2007) ........................................................ 3, 13

*Pepper v. Litton,*
308 U.S. 295 (1939) ...........................................................................................................5

*Strigliabotti v. Franklin Res., Inc.,*
No. 04-00883, 2005 WL 645529 (N.D. Cal. Mar. 7, 2005) ...............................................3

## REASONS FOR REHEARING EN BANC

In *Jones v. Harris Associates L.P.*, No. 07-1624 (7th Cir. Aug. 6, 2015) (hereinafter "Aug. 6, 2015 Order"), two members of the initial panel in this case held on remand from the United States Supreme Court that plaintiffs have not justified a trial on their claims that the defendant, a mutual fund adviser, has breached its "fiduciary duty with respect to the receipt of compensation." § 36(b), Investment Company Act of 1940, 15 U.S.C. § 80a-35(b).[1]  The panel's four-page order, issued more than five years after the Supreme Court unanimously vacated the panel's earlier decision, *Jones v. Harris Associates L.P.*, 559 U.S. 335 (2010) (vacating *Jones v. Harris Associates L.P.*, 527 F.3d 627 (7th Cir. 2008)), persists in pressing a non-conforming interpretation of § 36(b) that risks destabilizing the fee-setting process in an industry entrusted with nearly $16 trillion in retirement and personal savings. Plaintiffs seek rehearing en banc of the panel's decision for the following reasons:

1.  By holding that fees charged by advisers of comparable mutual funds constitute the range of fees that arm's-length bargaining could produce, the panel's decision conflicts with the Supreme Court's decision in *Jones v. Harris Associates L.P.*, 559 U.S. 335 (2010), and with *Gartenberg v. Merrill Lynch Asset Management, Inc.*, 694 F.2d 923 (2d Cir. 1982), whose approach to § 36(b) the Supreme Court endorsed in *Jones*.

2.  By holding non-probative plaintiffs' evidence that defendant was charging the funds fee rates approximately double what it was charging its non-captive clients for essentially identical services, the panel's decision conflicts with the Supreme Court's decision in *Jones*.

---

[1] Circuit Judge Evans, a member of the panel that originally decided this appeal, died in 2011 after the remand from the Supreme Court.

3.  By excluding evidence of procedural and structural defects from its consideration of plaintiffs' excessive-fee claim, the panel's decision contradicts *Jones*.

On each of these points, consideration by the full court is necessary to ensure compliance with the Supreme Court's mandate in *Jones*, to secure and maintain uniformity of this Court's decisions under § 36(b), and to promote consistency with interpretations of that statute and *Jones* by other circuits. And because of the importance of § 36(b) and the leading role of this case in its interpretation, the panel's holding involves a question of exceptional importance that warrants consideration by the full court.

## CASE OVERVIEW

Plaintiffs, shareholders of three mutual funds managed by defendant, claim that defendant breached its § 36(b) fiduciary duty "with respect to the receipt of compensation" by charging the funds excessive advisory fees. Plaintiffs understand that duty to include at least three components:  (1) ensuring that defendant's fees are approved by those members of the funds' board of trustees who lack financial interests in defendant; (2) disclosing all material information to the funds' shareholders and the Securities and Exchange Commission; and (3) charging a fee that is not so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's-length bargaining.

Plaintiffs claimed violations of each component of § 36(b)'s fiduciary duty. Plaintiffs claimed that defendant knowingly accepted compensation approved by a board led by a director who falsely declared himself "disinterested" in the defendant, and that defendant also failed to make required disclosures to the funds' shareholders and the SEC. Plaintiffs further claimed that defendant's fees were excessive, particularly when compared with the

fees defendant charged its non-captive clients for essentially identical services. Plaintiffs

moved for summary judgment on their two "structural" claims. Defendant opposed that

motion and moved for summary judgment on all claims on the ground that plaintiffs could

not show the fees to be excessive. On February 27, 2007, the district court (Kocoras, J.)

denied plaintiffs' motion and granted defendant's. *Jones v. Harris Associates L.P.*, No. 04 C

8305, 2007 WL 627640 (N.D. Ill. 2007). Plaintiffs appealed.

The primary arguments before the panel in 2007, when the case first arrived at this

Court, were (1) whether fund shareholders such as plaintiffs could prove a violation of

§ 36(b)'s fiduciary duty *only* by showing the fee to be excessive (defendant's view) or *also* by

showing non-compliance with the Act's structural safeguards (plaintiffs' view); and (2)

whether the excessiveness of the fee should be judged by comparison to fees charged by

other advisers to other mutual funds and by reference to the performance of the fund

(defendant's view) or by comparison to fees charged by the adviser to its non-captive clients

for essentially identical services (plaintiffs' view). This debate largely reflected the various

positions advanced in lower court decisions construing the meaning of § 36(b) prior to the

panel's initial decision. *See, e.g.*, *Strigliabotti v. Franklin Res., Inc.*, No. 04-00883 SI, 2005 WL

645529, at **3-4 (N.D. Cal. Mar. 7, 2005) (summarizing cases discussing proper fee

comparators). Uniformly, these courts had looked to *Gartenberg v. Merrill Lynch Asset

Management, Inc.*, 694 F.2d 923 (2d Cir. 1982), for guidance in enforcing § 36(b).

The panel, however, took an entirely different approach not argued by the parties. It

"disapprove[d] the *Gartenberg* approach" and read § 36(b)'s "fiduciary duty" language to

foreclose entirely judicial review of the excessiveness of the fee. *Jones*, 527 F.3d at 632.

Instead, the panel focused on whether the defendant misled the funds' board during fee

negotiations. *Id.* at 635. But the panel construed the Act's separate structural requirements narrowly, *see id.* at 629-30, and did not discuss much of plaintiffs' evidence of structural violations and other deceitful conduct. *Compare id.* at 629-30 & 635 *with* Brief of Plaintiffs-Appellants, May 17, 2007 at 21-32 (summarizing plaintiffs' evidence). Observing (incorrectly) that "plaintiffs do not contend that [defendant] pulled the wool over the eyes of the disinterested trustees or otherwise hindered their ability to negotiate a favorable price for advisory services," the panel affirmed the district court judgment. *Jones,* 527 F.3d at 635.

Plaintiffs petitioned for en banc review, but the court denied the petition by a 5-5 vote. *See Jones v. Harris Associates L.P.*, 537 F.3d 728 (7th Cir. Aug. 8, 2008) (order denying petition for rehearing en banc). In dissent, Judge Posner (joined by Judges Rovner, Wood, Williams, and Tinder) expressed concern about four aspects of the panel's opinion: (1) its creation of a circuit split without prior circulation to the full court, *see id.* at 729 & 732; (2) its embrace of an economic analysis that was "ripe for reexamination," *id.* at 730-31 (surveying recent studies showing that competition in product and capital markets may not prevent excessive compensation); (3) its discounting of plaintiffs' evidence that defendant charged plaintiffs approximately twice what it charged its non-captive clients, *id.* at 731-32; and (4) its exclusive focus on what other fund advisers charge for their services in evaluating the lawfulness of a fee, given that "the governance structure that enables mutual fund advisers to charge exorbitant fees is industry wide," *id.* at 732.

Plaintiffs successfully obtained review in the Supreme Court, which unanimously vacated the panel's decision. Neither defendant nor the United States as *amicus curiae* defended the circuit panel's approach on appeal, and the Supreme Court endorsed *Gartenberg* as the framework for evaluating § 36(b) claims. *Jones v. Harris Associates L.P.*, 559

U.S. 335, 346-49 (2010). The Court began by explaining that the formulation of fiduciary

duty in *Pepper v. Litton*, 308 U.S. 295, 306-07 (1939), "expresses the meaning of the phrase

'fiduciary duty' in § 36(b)." 559 U.S. at 347. *Pepper* emphasized that fiduciaries such as

defendant hold their powers "in trust" and "their dealings with the corporation are subjected

to rigorous scrutiny. . . . *The essence of the test is whether or not under all the circumstances the*

*transaction carries the earmarks of an arm's length bargain." Id.* (quoting *Pepper*, 308 U.S. at 306-

07) (emphasis in original).

   After observing that, unlike *Pepper*, § 36(b)(1) puts the burden of proof on the party

claiming breach, the Court expressly approved *Gartenberg*'s approach to evaluating

excessive-fee claims. *Id.* at 347-49. The Court endorsed *Gartenberg*'s use of "the range of fees

that might result from arm's-length bargaining as the benchmark for reviewing challenged

fees" and its "elaborat[ion]" of this benchmark:  "To be guilty of a violation of § 36(b), . . .

the adviser-manager must charge a fee that is so disproportionately large that it bears no

reasonable relationship to the services rendered and could not have been the product of

arm's-length bargaining." *Id.* at 344, 347. The Court also agreed that, while deference to

board approval of the fee "may be appropriate in some instances, . . . the appropriate

measure of deference varies depending on the circumstances." *Id.* at 349.

   Finally, the Court resolved in plaintiffs' favor three important disputes about

*Gartenberg*'s meaning and scope:

   First, the Court rejected defendant's argument that a comparison between the fees

charged to mutual funds and those charged to an adviser's other clients is always

inappropriate. *Id.* at 349-50. Although the Court emphasized the need for commonality of

circumstances to make the comparison probative, the Court clearly held that "courts may

give such comparisons the weight that they merit in light of the similarities and differences between the services that the clients in question require." *Id.* at 350

Second, the Court cautioned lower courts "not [to] rely too heavily on comparisons with fees charged to mutual funds by other advisers." *Id.* Such comparisons "are problematic because [the fees charged to similar funds], like those challenged, may not be the product of negotiations conducted at arm's length." *Id.* at 350-51 (citing opinion of Posner, J., dissenting from denial of rehearing en banc, 537 F.3d at 731-32).

Third, the Court emphasized that, even in the context of a pure excessive-fee claim, "a court's evaluation of an investment adviser's fiduciary duty must take into account both procedure and substance." *Id.* at 351. Thus, while "a fee may be excessive even if it was negotiated by a board in possession of all relevant information," courts should afford "commensurate deference" to the bargained-for fee "[w]here a board's process for negotiating and reviewing investment-adviser compensation is robust." *Id.* By contrast, "where the board's process was deficient or the adviser withheld important information, the court must take a more rigorous look at the outcome." *Id.* at 351.

On March 30, 2010, the Supreme Court remanded to this Court for further proceedings consistent with its opinion. In May and June 2010, the parties submitted Circuit Rule 54 statements. Plaintiffs urged this Court to reverse the district court's denial of plaintiffs' motion for summary judgment and remand with instructions that the district court fashion a remedy to address defendant's procedural breaches of fiduciary duty. This disposition would eliminate the need for this Court or the district court to deal separately with plaintiffs' excessive-fee claim, as the excessiveness of the fees defendant charged plaintiffs could be taken into account in fashioning a remedy responsive to plaintiffs'

structural claims. Alternatively, plaintiffs argued for vacatur of the district court's award of summary judgment to defendant on plaintiffs' excessive-fee claim. Defendant argued for affirmance of the district court's judgment on the grounds that the Supreme Court had foreclosed any argument that defects in the fee-setting process can ground a § 36(b) claim, and the district court had correctly applied the *Gartenberg* standard back in 2007.

On August 6, 2015, the panel issued the short order that is the subject of this petition for rehearing en banc. The panel reiterated its 2008 rejection of plaintiffs' structural claims, suggesting that they are not within the scope of the Supreme Court's remand. *See* Aug. 6, 2015 Order at 2. The panel addressed plaintiffs' excessive-fee claim by holding that, under the Supreme Court's standard, defendant was free from liability because its fees were in line with those charged by advisers of comparable mutual funds and the funds' returns exceeded the norm for comparable investment vehicles over an unspecified period of time. *See id.* Finally, the panel closed with an apology for taking more than five years to respond to the Supreme Court mandate, explaining that the parties' Rule 54 statements were placed in the wrong stack and forgotten. *See id.* at 4.

## ARGUMENTS

### I.   The panel's reliance on fees charged by other funds conflicts with the Supreme Court's decision in *Jones* and with *Gartenberg*.

Seven years ago, the panel declared that competition among funds for shareholders sufficiently constrains advisers' fees despite the "incestuous" nature of the fund-adviser relationship. *See Jones*, 527 F.3d at 631-32. The panel thus "disapprov[ed]" the *Gartenberg* standard, *id.* at 632 ("[W]e are skeptical about *Gartenberg* because it relies too little on markets."), and concluded that "no court would inquire whether a salary normal among similar institutions is excessive," *id.*

Five judges of this Court found that this reasoning rested on "an economic analysis that is ripe for reexamination," 537 F.3d at 730 (Posner, J., dissenting from denial of rehearing en banc), in part because "the governance structure that enables mutual fund advisers to charge exorbitant fees is industry wide," *id.* at 732. And in unanimously *adopting* the *Gartenberg* standard, the Supreme Court explicitly approved the rehearing dissenters' reasoning and concluded that "courts should not rely too heavily on comparisons with fees charged to mutual funds by other advisers." 559 U.S. at 350-51. The Court likewise approved the very same language from *Gartenberg* that the panel had explicitly rejected: "Competition between money market funds for shareholder business does not support an inference that competition must therefore also exist between [investment advisers] for fund business. The former may be vigorous even though the latter is virtually non-existent.'" 559 U.S. at 351 (quoting *Gartenberg*, 694 F.2d at 929); *compare Jones*, 527 F.3d at 631 (rejecting this language).

Notwithstanding all this, the panel on remand once again rejected plaintiffs' excessive-fee claim largely on the proposition that the fees charged by other mutual-fund advisers were similar. Noting that "[t]he Justices ask whether a fee is so large that it could not have been the result of arm's length bargaining," the panel answered by observing that "[t]he record shows that [defendant's] fee was comparable to that produced by bargaining at other mutual-fund complexes, which tells us the bargaining range." Aug. 6, 2015 Order at 2-3. It is hard to imagine how a court could rely *more* heavily on fees charged by other mutual funds than by allowing those fees to set the bargaining range for the arms-length

transactions that § 36(b) requires.[2]  The panel acknowledged in 2008 that this approach was directly contrary to *Gartenberg*. To now pass it off as an *application* of *Gartenberg* would transform the Supreme Court's insistence on a more rigorous inquiry into a meaningless exercise.

II.    **The panel's categorical dismissal of evidence of fees charged to non-captive funds conflicts with the Supreme Court's decision in *Jones*.**

Under *Jones* and *Gartenberg*, the critical benchmark for an adviser's compliance with its fiduciary duty is whether its fee approximates that which would have resulted from an arm's-length transaction. *Jones*, 559 U.S. at 347; *Gartenberg*, 694 F.2d at 928. And as Justice Alito noted, fees approved by a fund that cannot practically fire its adviser and fees charged by other advisers to their own captive mutual funds do not fit this description. *See* 559 U.S. at 338, 350-51. The only fee arrangements that advisers actually *do* negotiate at arm's length are those with non-mutual fund clients, like large pension funds, that are free to go elsewhere if the fee is too high. In this case, plaintiffs provided evidence that defendant charged the funds fee rates approximately twice what it charged its non-captive clients who bargained at arm's length for essentially identical services. Petition for Rehearing En Banc (June 2, 2008), at 14. Five judges of this Court concluded that "the fees that Harris charges

---

[2] The other keystone to the panel's ruling—that defendant's performance was for some unspecified period of time not sub-standard, *see* Aug. 6, 2015 Order at 3—also is problematic, as the judges dissenting from the denial of rehearing en banc recognized. *See Jones*, 537 F.3d at 633 (Posner, J., dissenting) (describing as "weak" the panel's unelaborated reliance on fund performance, given the absence of evidence about the nature of the time period in which performance was measured and, thus, whether anything other than random factors were at work). Plaintiffs' original appellate briefing exposed defendant's performance as far less than exemplary outside of the period of time defendant cherry picked to support its summary judgment motion. *See* Reply Brief of Plaintiffs-Appellants (July 2, 2007), at 20-22. In any event, nothing in Justice Alito's opinion in this case suggests that an otherwise improper fee can be saved by good performance for the fund overall. And plaintiffs doubt defendant would accept the converse proposition that an otherwise appropriate fee could be transformed into a breach of duty by poor fund performance.

9

independent funds" provide a useful "alternative comparison." 537 F.3d at 732 (Posner, J., dissenting from the denial of rehearing en banc).

To be sure, fees charged to independent clients are a good comparison only if advisers provided them basically similar services. Both the Supreme Court in this case and *Gartenberg* noted this point. *See Jones*, 559 U.S. at 349-50; *Gartenberg*, 694 F.2d at 930 n.3. But Justice Alito criticized *Gartenberg* for dismissing such comparisons too quickly, stressing that "[s]ince the Act requires consideration of all relevant factors . . . we do not think that there can be any categorical rule regarding the comparisons of the fees charged different types of clients." 559 U.S. at 349 (citing *Daily Income Fund v. Fox*, 464 U.S. 523, 537 (1984), which observed that such fee differentials are problematic). He instructed courts to "give such comparisons the weight that they merit in light of the similarities and differences between the services that the clients in question require, but courts must be wary of inapt comparisons*." Id.* at 350.

The panel did not do this. The rehearing dissenters expressed "particular concern" that the initial panel's "suggestions on why [the difference in fee rates] may be justified" were offered "purely as speculation, rather than anything having an evidentiary or empirical basis." 537 F.3d at 731. On remand, the panel said that "[p]laintiffs have not proffered evidence that would tend to show that Harris provided pension funds (and other non-public clients) with the same sort of services that it provided to the Oakmark funds, or that it incurred the same costs when serving different types of clients." Aug. 6, 2015 Order at 3. But that assertion is flatly inconsistent with the record.

Plaintiffs' evidence establishes that, for virtually identical services, defendant charged its mutual fund approximately *twice* the rates it charged its non-captive clients who

10

bargained at arm's length for those rates. *See* Pls.' Statement of Additional Facts ¶¶ 20, 23 (App. 147, 149-50). These higher rates caused the funds to pay "between $37 million and $58 million" more during the statutory damages period than they would have paid had defendant charged its mutual funds the same rates it charged its other clients. *Id.* ¶ 23 (App. 150). Crucially, this "comparative fee structure" evidence—described in far greater detail at paragraphs 19 to 26 of Plaintiffs' Statement of Additional Facts (App. at 147-52)—makes clear that the comparison between the fees charged to the funds and those charged to non-captive clients is apples-to-apples: the funds *pay separately* pursuant to *separate agreements* for services not provided to non-mutual fund clients. *See id.* at ¶ 19 (noting that the funds' advisory agreements cover "only investment advisory services" and "do not provide for accounting services, shareholder services, administrative services, or transfer agency services," which "are provided under separate agreements pursuant to which the Funds pay additional fees").

The panel's flat dismissal of this sort of evidence as non-probative—without any discussion—effectively reinstates its initial refusal to consider fees charged to independent clients *at all*, in the teeth of the Supreme Court's command that "we do not think that there can be any categorical rule" on the subject. 559 U.S. at 349. It is also flatly inconsistent with the rules governing an appeal from a grant of summary judgment. The Supreme Court has said that fees charged to independent clients are probative, provided they were for similar services. Plaintiffs have submitted more than enough evidence to create a disputed question of material fact on that similarity. If that showing continues to be held insufficient, the law going forward (in this Circuit, at least) will be that such comparisons *are* categorically excluded.

**III.    The panel ignored the Supreme Court's instruction by not considering structural defects as relevant to plaintiffs' excessive-fee claim.**

Both the panel and the district court treated plaintiffs' evidence of structural flaws in the fee-setting process as irrelevant to their claim about excessive fees.[3] The Supreme Court's decision makes clear that this was error: "a court's evaluation of an investment adviser's fiduciary duty must take into account both procedure and substance." *Jones*, 559 U.S. at 351. Specifically, the ordinarily deferential review of fees presupposes full disclosure and fair procedure. "In contrast, where the board's process was deficient or the adviser withheld important information, the court must take a more rigorous look at the outcome." *Id*. The panel on remand was thus required to assess plaintiffs' evidence on this point in evaluating plaintiffs' excessive-fee claim. Given the ICA's establishment of disclosure and board independence as shareholders' first line of defense, the panel's severance of these issues from excessive-fee claims sets a harmful precedent.

**IV.    The panel's ruling on remand cannot be sustained on the ground that the District Court initially applied the proper standard.**

The centerpiece of defendant's arguments in its Rule 54 papers was that "[s]ince the test announced by the Supreme Court is congruent with the standard the district court applied, there is no reason to revisit the issue [of whether defendant breached its duty under § 36(b)]." Defendant's Rule 54 Statement at 1. Likewise, the panel on remand anchored its conclusion with the observation that "[t]he district court's decision has held up well." Aug. 6, 2015 Order at 3. It is true that the district court's order, unlike the initial panel decision,

---

[3] The panel on remand briefly discussed a portion of this evidence, but only in the context of abruptly rejecting plaintiffs' claim that these structural flaws constitute *independent* violations of the fiduciary duty created by § 36(b). *See* Aug. 6, 2015 Order at 2. That question, which was not raised, briefed, or argued in the Supreme Court, remains open should this Court vacate the panel decision. *Compare* Defendant-Appellee Harris Associates L.P.'s Supplemental Circuit Rule 54 Statement *with* Plaintiffs-Appellants' Supplemental Circuit Rule 54 Statement.

12

purported to apply *Gartenberg*. But Part III of the Supreme Court's opinion addressed three widely disputed issues concerning *Gartenberg*'s meaning and application and resolved them almost entirely in plaintiffs' favor. *See Jones*, 559 U.S. at 349-53. Critically, the district court misapplied *Gartenberg* in all three respects.

First, the district court relied heavily on comparisons to fees charged by other advisers to their own captive funds. *See Jones*, 2007 WL 627640, at *8. Second, it discounted plaintiffs' evidence that Harris charged its captive funds approximately twice what it charged its independent clients (as well as plaintiffs' evidence that the comparator charges were for virtually identical services and that additional services to the mutual funds were billed separately). *See id.* And third, it treated plaintiffs' evidence of structural and procedural flaws in the fee-setting process as irrelevant to the question of whether defendant's fees were excessive. *See id.*[4] These flaws preclude reliance on the district court's original judgment for the same reasons that they justify en banc review of the panel's decision on remand.

Defendant's assertion that "the Supreme Court held up the district court's opinion as an example of how comparisons with institutional accounts should be treated," Defendant's Rule 54 Statement at 11, is an unrealistically aggressive reading of what the Court actually said. The citation is to footnote 8 of Justice Alito's opinion, which said that "[o]nly where plaintiffs have shown a large disparity in fees that cannot be explained by the different services in addition to other evidence that the fee is outside the arm's length range will trial be appropriate. Cf. App. To Pet. For Cert. 30a." 559 U.S. at 350 n.8. Obviously,

---

[4] Also like the panel on remand, the district court strongly emphasized the Oakmark fund's strong overall performance during a particular period. *See id.* at *9. The Supreme Court did not address this issue, but the rehearing dissenters questioned it as "weak," 537 F.3d at 732, and it is ripe for reexamination on rehearing. *See supra* note 2 (arguing that reliance on this evidence was mistaken).

unelaborated "cf." cites are not generally employed to hold up the cited opinion as exemplary. More crucially, the cited page of the district court opinion made precisely the two mistakes that Justice Alito warned courts against in the text: it did not consider plaintiffs' evidence on the comparability of services provided to captive funds and independent clients, *contra id.* at 350, and it relied entirely on "comparisons with fees charged to mutual funds by other advisers," which the Court characterized as "problematic," *id.* at 350-51. The district court did not, of course, have the benefit of the Supreme Court's opinion—but it remains the case that no court in this litigation has evaluated plaintiffs' evidence under the actual standard articulated by the Supreme Court.

## CONCLUSION

On remand from a unanimous reversal that emphatically rejected the circuit panel's analytic framework, the panel took only four pages to reach precisely the same decision, on precisely the same grounds. But the need for rehearing en banc goes beyond the panel's treatment of this particular dispute. Although the remand opinion was not published, it disposed of the very case that the Supreme Court used to define the relevant standard under § 36(b), and it comes from the pen of one of our most respected and influential jurists. The panel's disposition will be widely read, cited, and followed if it stands. This case warrants a published opinion that fairly evaluates plaintiffs' evidence and arguments in light of the prevailing legal standard. The court should grant plaintiffs' petition for rehearing en banc.

14

Respectfully submitted,

/s/ James C. Bradley
James C. Bradley, Esquire
Michael J. Brickman, Esquire
Nina Fields Britt, Esquire
Richardson, Patrick, Westbrook & Brickman,
LLC
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
Phone: 843-727-6500/Fax: 843-881-6183
Email: jbradley@rpwb.com
        mbrickman@rpwb.com
        nfields@rpwb.com

John M. Greabe, Esquire
296 Gage Hill Road
Hopkinton, New Hampshire 03229
Phone: 603-746-6138
Email: jgreabe@greabe-law.com
        john.greabe@law.unh.edu

Ernest A. Young, Esquire
3208 Fox Terrace Dr.
Apex, North Carolina 27502
Phone: 919-360-7718
Email: young@law.duke.edu

Kevin M. Flynn, Esquire
Kevin M. Flynn & Associates
77 West Wacker Drive, Suite 4800
Chicago, Illinois  60601
Phone: 312-456-0240/Fax: 312-444-1000
Email: kevin@kmflynnlaw.com

Attorneys for Plaintiffs-Appellants

15

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the foregoing Petition for Rehearing *En Banc* complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it is fifteen pages or less, excluding the parts of the petition exempted by Fed. R. App. P. 32(a)(7)(b)(iii).

The undersigned further certifies that this petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this petition has been prepared in a proportionally spaced typeface using Microsoft Word Version 2010 in 12 point Calisto MT**.**

/s/ James C. Bradley
James C. Bradley

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2015, the Petition for Rehearing *En Banc* was filed

with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by

using the appellate CM/ECF system.

The following participants in the case are registered CM/ECF users and will be

served by the appellate CM/ECF system:

| | |
|---|---|
| John D. Donovan Jr. | Gordon B. Nash Jr. |
| ROPES & GRAY | DRINKER BIDDLE & REATH, LLP |
| 800 Boylston Street | Suite 3700 |
| Prudential Tower | 191 N. Wacker Drive |
| Boston, MA 02199 | Chicago, IL 60606-1698 |

/s/ James C. Bradley
James C. Bradley